IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN BOOTH, et al., | ) | CIV F 07-486  AWI WMW |
| | ) | |
| Plaintiffs, | ) | ORDER ON DEFENDANT'S |
| v. | ) | MOTION TO STRIKE |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a Freedom of Information Act case brought by Plaintiffs proceeding pro se. Defendant United States moves to strike from the record Plaintiffs's second and third amended complaints as violation of Federal Rule of Civil Procedure 15(a). For the reasons that follow, the motion will be granted.

## BACKGROUND

Plaintiffs filed their first complaint on March 28, 2007. A First Amended Complaint ("FAC") was filed on May 4, 2007. Plaintiffs later filed a Second Amended Complaint ("SAC") on May 15, 2007. Plaintiffs then filed a Third Amended Complaint ("TAC") on May 25, 2007. On June 12, 2007, the United States filed an answer to the FAC. The United States did not consent to the filing of the SAC or the TAC, and Plaintiffs did not obtain a court order to allow for those filings. The United States filed this motion to strike. Plaintiffs then filed a motion to strike the United States's answer, which was denied by the Magistrate Judge. Thereafter, Plaintiffs filed an opposition to this motion and the United States has filed a reply.

**DEFENDANT'S MOTION**

*Defendant's Argument*

The United States argues that Rule 15(a) allows a party to amend a complaint once as a matter of right prior to the filing of an answer. Additional amended complaints require either the consent of the parties or a court order. The SAC and TAC were filed without consent and without court order. Because the SAC and TAC violate Rule 15(a), they should be struck.

*Plaintiffs's Opposition*

Plaintiffs argue that the time for filing a Rule 12(f) motion (20 days after the filing of the pleading) has passed and that the United State's motion is untimely. Further, no objections under Local Rule 78-230 were made by the United States when the SAC and TAC were filed. Plaintiffs also argue that the United State's answer should be struck because it responds only to the FAC, which due to the filings of the SAC and TAC, is a non-existent complaint. Alternatively, Plaintiffs argue that retroactive amendment should be allowed under Rule 15(a).

*Legal Standard*

Federal Rule of Civil Procedure 15(a) in part provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

Fed. R. Civ. Pro. 15(a).

Rule 15(a) therefore provides for the filing of an amended complaint once as a matter of right if a responsive pleading has not been served. Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). When a party can no longer amend a pleading as a matter of right under Rule of Civil Procedure 15(a), the party must either petition the court for leave to amend or obtain consent from the adverse parties. Fed. R. Civ. Pro. 15(a); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983). An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). If an amended

pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect. <u>United States ex rel. Mathews v. HealthSouth Corp.</u>, 332 F.3d 293, 296 (5th Cir. 2003); <u>Gengler v. United States</u>, 463 F. Supp.2d 1085,1093 (E.D. Cal. 2006); <u>Stetz v. Reeher Enters.</u>, 70 F.Supp.2d 126, 127 n.1 (N.D. N.Y. 1999).

*Discussion*

The United States is correct. After Plaintiffs filed the FAC, they could no longer amend their complaint as a matter of right. No court order issued or was requested prior to filing and the United States has not consented to the filing of the SAC or TAC. Both the SAC and TAC have been filed in violation of Rule 15(a). Thus, the SAC and TAC are nullities and without legal effect. <u>See</u> <u>Matthews</u>, 332 F.3d at 296; <u>Gengler</u>, 463 F.Supp.2d at 1093; <u>Stetz</u>, 70 F.Supp.2d at 127 n.1. As nullities, they will be struck from the record.

Plaintiffs request in their opposition that leave to file the TAC retroactively be granted under Rule 15(a). If Plaintiffs wish to pursue the additional claims made in the TAC, then they are directed to file a formal motion for leave to amend under Rule 15. Otherwise, the operative complaint in this case is the FAC and the United States has filed an answer thereto.[1]

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to strike from the record Plaintiffs's second and third amended complaints (Document Nos. 6 and 7) is GRANTED and the second and third amended complaints are STRUCK from the record.

IT IS SO ORDERED.

**Dated:   August 29, 2007**              /s/ Anthony W. Ishii
                                     UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that in the opposition, Plaintiffs cite Local Rule 78-230 in arguing that the United States did not file an opposition or objection to either the SAC or the TAC. However, Local Rule 78-230 deals with the calendaring and hearing of motions. It does not deal with the filing of complaints or amended complaints.